USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 23 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re SANOFI-AVENTIS SECURITIES LITIGATION | Civil Action No. 1:07-cv-10279-GBD |
| | CLASS ACTION |
| This Document Relates To: | **ECF CASE** |
| ALL ACTIONS. | |

[redacted] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending before this Court styled *In re Sanofi-Aventis Securities Litigation*, Civil Action No. 1:07-cv-10279-GBD and/or 1:08-cv-00021 ("the Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Settlement Agreement dated September 19, 2013 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on ______, 2013, at _____.m., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate, and should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel for Plaintiff and the Class; and to determine the amount of expenses that should be awarded to the Representative Plaintiffs. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

3. The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the Proof of Claim form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within ten (10) business days of entry of this Order, sanofi-aventis SA ("Sanofi") shall provide to the Claims Administrator the transfer records for the relevant period, in a form acceptable to the Claims Administrator. Sanofi shall bear the costs and expenses of providing this information;

(b) Class Counsel shall make reasonable efforts to identify all Persons who are Members of the Class and not later than fourteen (14) days from the date of receipt of the transfer records referred to in paragraph 4(a) above, Class Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort (the "Notice Date");

(c) Not later than ten (10) days from the Notice Date, Class Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and on *Business Wire*; and

(d) At least seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased Sanofi American Depository Receipts ("ADRs") for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Sanofi ADRs within ten (10) days after the receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Class Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

7. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court and shall be bound by all Orders, determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable, and shall be barred and enjoined from asserting any of the Released Claims against any of the Released Persons.

Notwithstanding the foregoing, Class Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

8. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

9. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than thirty (30) days prior to the Settlement Hearing and no less than fifty-five (55) days from the Notice Date. To be valid, a Request for Exclusion must state all of the information requested in question 13 of the Notice. Upon receiving any request(s) for exclusion, Class Counsel shall provide within three (3) business days copies of such request(s) to Defendants' Counsel via facsimile or electronic mail, and in any event not less than twenty-one (21) days prior to the Settlement Hearing. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, shall have no rights to object to the Settlement, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

10. Any Member of the Class may appear and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Class Counsel for Plaintiff and the Class, or why the expenses of the Representative Plaintiffs should or should not be

awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are: (i) received on or before twenty-five (25) days prior to the Settlement Hearing by Robbins Geller Rudman & Dowd LLP, Tor Gronborg, Ellen Gusikoff Stewart, Trig Smith, Laurie Largent, 655 W. Broadway, Suite 1900, San Diego, CA 92101 and Cleary Gottlieb Steen & Hamilton LLP, Lewis Liman, Avram Luft, One Liberty Plaza, New York, NY 10006; and (ii) filed with the Clerk of the United States District Court for the Southern District of New York on or before twenty-five (25) days prior the Settlement Hearing. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Class Counsel or expenses of the Representative Plaintiffs, unless otherwise ordered by the Court.

11. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses or by the Representative Plaintiffs for their expenses shall be filed and served by thirty (30) days prior to the Settlement Hearing. Replies to any objections shall be filed and served by ten (10) days prior the Settlement Hearing.

13. Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses

submitted by any or all Representative Plaintiffs, Class Counsel or Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

14. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses shall be approved. It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Stipulation or affect or delay the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

15. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff nor any of its Counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation, except as to costs of providing notice in excess of $250,000. Defendants shall not be responsible for payment of any amount.

16. Neither this Stipulation, the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or the FAC or of the validity of any Released Claim, or of any wrongdoing or liability of the

Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or other forum or tribunal in which the Defendants or their respective Related Parties are or become parties, other than in such proceedings as may be necessary to consummate or enforce this Stipulation, the Settlement, or the Judgment.

17. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, or ordered by the Court without further notice to the Class.

18. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status *quo ante* and the provision of ¶8.6 of the Stipulation shall apply.

19. Pending final determination of whether the proposed settlement should be approved, neither any Representative Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants or Former Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

20. Pending final determination of whether the Settlement should be approved, all proceedings are stayed subject to further order of the Court.

IT IS SO ORDERED.

DATED: SEP 20 2013

George B. Daniels

THE HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE



876817_1